McKinney, J.,
delivered the opinion of the court.
The plaintiff "brought this action for the purpose of establishing his right to freedom. And it is clear, upon the facts in this record, that he was freeborn, according to the uniform course of decision in this State. But, in the view in which we are to consider the case at present, the question of the right of freedom need not be discussed.
The only question properly presented for our determination upon this record, is that arising on the demurrer to the replication to the - amended plea of the defendants. The circuit court sustained the demurrer, and gave judgment that the defendant go hence, &c.; and in this we think there is no error.
The plea sets up and relies upon, in bar of the action, a proceeding regular in form, under the act of Congress of 1793, before the Judge of the Federal court for the district of East Tennessee, prior to the institution of the present action, in which a certificate was given by the Judge, in conformity with the act referred to, authorizing the removal of the plaintiff to the State of Alabama, where he had runaway from the service of the alleged owner.
The act of 1793, in express terms, declares that the certificate of the judge or magistrate “shall be sufficient warrant for removing the fugitive from labor, to the State or territory from which he or she fled.” This law is obligatory upon the States; and it follows of necessity, that the judicial tribunals of the State in which the fugitive may be found, have no jurisdiction to entertain a suit for the purpo'se of trying his right to *94 freedom, after the delivery of the fugitive to tide claimant under the act of Congress. The provision of the Federal constitution, and the act of Congress passed in pursuance thereof, for the arrest and return 'of fugitives from labor, intend - only a summary proceeding of a ministerial character; and not a judicial trial according to the course of the common law. On establishing a prima facie claim of ownership, the claimant is entitled to have the fugitive delivered up to him; leaving the question of right to be decided, in the appropriate form of proceeding in the proper tribunal.
The plea in this case goes to the entire cause of action alleged i'n the declaration; and being valid, is a bar to the action. The court, therefore, did not err in giving judgment on the demurrer, that the defendants go hence, &c., notwithstanding the issue joined on the plea of not guilty.
Judgment affirmed.